[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14524
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01418-PGB-GJK

JAMES F. LAPINSKI,

Plaintiff–Appellant,

versus

ST. CROIX CONDOMINIUM ASSOCIATION, INC.,
ESTATE OF DOUGLAS COOK,
FIFTH DISTRICT COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT COURT,
STATE OF FLORIDA,
VOLUSIA COUNTY, et al.,

Defendants–Appellees,

STEPHEN J. GUARDINO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

James Lapinski appeals *pro se* the award of attorney's fees that we imposed as a sanction in an earlier appeal. Fed. R. App. P. 38. He also alleges several incidents of police misconduct and violations of the Racketeer Influenced and Corrupt Organizations Act—all the subject of another appeal from a dismissal that we affirmed—but makes only a passing reference to the award of fees itself. We affirm.

We review an award of attorney's fees for abuse of discretion. *Rath v. Marcoski*, 898 F.3d 1306, 1309 (11th Cir. 2018). A district court abuses its discretion when it fails to apply the correct legal standard or to follow proper procedures, bases an award on findings of fact that are clearly erroneous, or commits a clear error of judgment. *Id.* The determination of a reasonable hourly rate is a finding of fact reviewed for clear error. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999). We also review for abuse of discretion the denial of an evidentiary hearing concerning an application for attorney's fees. *Love v. Deal*, 5 F.3d 1406, 1409 (11th Cir. 1993). A district court must conduct an evidentiary hearing only when there is a dispute of material fact that cannot be resolved based on the available record. *Id.*

2

The district court did not abuse its discretion by not holding an evidentiary hearing. The application for attorney's fees filed by the Condominium Association included an affidavit that detailed the time and costs associated with defending Lapinski's earlier appeal and the reasonableness of the fee request. The record presented no material dispute of fact.

Because he makes only a single, conclusory statement in his initial brief to the fee award, Lapinski has forfeited any challenge to amount of that award. Although we liberally construe *pro se* complaints, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A passing reference fails to preserve that issue for appellate review, and the failure to make arguments or cite authorities in support of an issue forfeits it. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). The issues decided in Lapinski's earlier appeal are not properly before us. And we deny Lapinski's motion to submit new evidence for the record on appeal.

**AFFIRMED.**